OPINION *Page 2 
{¶ 1} Appellant Robert W. Buening ("Robert") brings this appeal from the judgment of the Court of Common Pleas of Mercer County, Domestic Relations Division. Appellee Dawn M. Buening ("Dawn") brings a cross-appeal from the same judgment. For the reasons set forth below, the judgment is affirmed in part and reversed in part.
 {¶ 2} On April 15, 1997, the trial court granted a jointly filed petition for dissolution to Robert and Dawn. At that time, the parties had four children: Amber (D.O.B. 7/20/1983); Robert (D.O.B. 11/25/1984); Jeremy (D.O.B. 9/19/1988); and Dustin (D.O.B. 12/4/1989). Robert agreed to pay child support in the amount of $1,170.00 per month plus poundage for all four children. Support for the children was to continue until the later of their reaching 18 years of age or completion of high school.
 {¶ 3} On July 31, 2001, the Mercer County Child Support Enforcement Agency ("the Agency") recommended that the child support order be modified due to the emancipation of Amber. A new order of support requiring Robert to pay $877.50 per month plus poundage was filed. The amount of support was increased to $1,797.88 per month plus poundage on March 18, 2002, when the *Page 3 
Agency recalculated the support without allowing for depreciation. Robert requested a hearing on this order claiming that the wrong income figures were used. The hearing was held on September 6, 2002. On October 7, 2002, a consent judgment entry was filed modifying child support requiring Robert to pay $1,453.57 per month in child support for his three minor children.
 {¶ 4} On May 1, 2003, the trial court entered judgment finding that child support for Robert would terminate as of May 24, 2003. Pursuant to this entry, child support for the remaining children was ordered to be $988.42 per month plus poundage. On September 12, 2006, child support was again reduced due to the emancipation of Jeremy. The child support was then reduced to $484.52 per month plus poundage for the support of Dustin. A subsequent recommendation was filed by the Agency on November 28, 2006, requiring Robert to pay support in the amount of $1,030.87 per month plus poundage. A hearing on the recommendation was requested by Robert and was held on August 28, 2007. The parties stipulated as to the accuracy of Robert's tax returns for the years of 2005 and 2006.
 {¶ 5} On October 16, 2007, the magistrate filed her decision requiring child support of $1,008.33 per month plus poundage. The magistrate made the order retroactive to December 1, 2006. On October 29, 2007, Robert filed his objections to the magistrate's decision. Robert alleged that the magistrate erred by *Page 4 
1) including all of his depreciation to his income, 2) including the capital gain as it had already been included in the net income on the financial statements, 3) ignoring the stipulation that the tax returns were accurate statements of income, 4) increasing his income to more than he actually earns, and 5) calculating his child support incorrectly. Dawn filed her objections on November 7, 2007, alleging that the magistrate erred in allowing a deviation for $4,195 per year in self-employment taxes and by using the December 1, 2006, effective date. On April 11, 2008, the trial court entered judgment overruling all of the objections. Both Robert and Dawn appeal from this judgment. Robert raises the following assignments of error.
 Robert's First Assignment of Error The trial court committed error in failing to abide by the stipulation of facts, filed in the case on August 23, 2007.
 Robert's Second Assignment of Error The trial court committed error by adding to [Robert's] income the amount of depreciation as shown on the books of the business of [Robert], necessary to the generation of gross receipts, thereby inflating [Robert's] child support obligation.
 {¶ 6} Dawn raises the following assignments of error in her cross-appeal.
 Dawn's First Assignment of Error The trial court erred in adopting that portion of the magistrate's decision which allowed a deviation of $4,195.00 for self-employment taxes. *Page 5 
 Dawn's Second Assignment of Error The trial court erred in adopting that portion of the magistrate's decision which determined that [Robert's] modified child support obligation was to be effective December 1, 2006.
 {¶ 7} Robert's first assignment of error alleges that the trial court erred by ignoring the stipulation of facts as to his income. Specifically, the parties stipulated as follows.
 The 2005 and 2006 U.S. Income Tax Returns of [Robert] are accurate statements of income and expenses for those years, and shall be admitted as joint exhibits. The same shall be considered by the court as reliable, probative evidence, without necessity of producing supporting documents.
August 23, 2007, Stipulation of Facts. Robert argues that this means the trial court could not adjust the figures in any way. However, this argument is not supported by the stipulation. The stipulation is that the figures were accurate and did not need additional documents to support them. The trial court did use these figures as the basis of the calculation. Thus, the trial court did not ignore the stipulation and Robert's first assignment of error is overruled.
 {¶ 8} In the second assignment of error, Robert claims that the trial court erred by denying him the depreciation for the purchase of the video tapes. The calculation of child support for self-employed people is defined as follows.
 "Self-generated income" means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and *Page 6 rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts.
R.C. 3119.01(C)(13).
 (9)(a) "Ordinary and necessary expenses incurred in generating gross receipts" means actual cash items expended by the parent or the parent's business and includes depreciation expenses of business equipment as shown on the books of a business entity.
 (b) Except as specifically included in "ordinary and necessary expenses incurred in generating gross receipts" by division (C)(9)(a) of this section, "ordinary and necessary expenses incurred in generating gross receipts" does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or the parent's business.
R.C. 3119.01(C)(9). In other words, depreciation should be included in the calculation of gross income unless it is shown to be an ordinary and necessary cost of business. In re Sullivan, 167 Ohio App.3d 458,2006-Ohio-3206, 855 N.E.2d 554. In Sullivan, the trial court declined to reduce the gross income by the amount of depreciation claimed. The trial court held that since the father failed to show that the amount of depreciation was an ordinary and necessary cost of doing business, the depreciation amount was to be included in the gross income. Id. at ¶ 25.
 {¶ 9} Robert provided the testimony of his accountant, James Harting ("Harting") to prove that the amount of depreciation was actually for ordinary and necessary business expenses. Harting testified Robert was running two video *Page 7 
rental businesses. Harting identified the financial statements for 2005 and 2006, which were subsequently admitted as exhibits. On the financial statements was depreciation for the purchase of the video tapes which were rented to the customers. Harting testified that these are ordinary and necessary expenses of operating the business. Harting also testified that once the tapes are sold, the gross sales price is then included on the tax return as a capital gain due to the item having been depreciated. Harting testified that the depreciation was for the purchase of business equipment as part of the ordinary and necessary costs of business, not merely for tax purposes. All of this testimony was presented without contradiction.
 {¶ 10} The trial court when it calculated the child support took the gross income and the capital gains. However, the trial court did not allow any reduction for the cost of making that income. The primary purpose for purchase of the video tapes is to rent them to the consumer, not sell them.[1] Thus, the purchase of the items is necessary for the operation of a video rental business. The financial statements include the depreciation for the video tapes as well as other business equipment. The depreciation was not merely for tax purposes and reflected actual cash expenditures. Therefore, the gross income should be reduced by the depreciation for the tapes as set forth in R.C. 3119.01(C)(9)(a). To not allow the *Page 8 
depreciation would be to ignore the necessary costs of doing business and to allow for the sale of items without considering the cost of obtaining those items that were subsequently sold. This is not the purpose of the calculation and is unreasonable. For this reason, Robert's second assignment of error is sustained.
 {¶ 11} Dawn's first assignment of error is that the trial court erred in allowing a deviation for the payment of self-employment taxes. This court notes that the child support worksheet itself requires a calculation of self-employment tax. R.C. 3119.022 (see line 2c). This inclusion does not seem to rely upon the actual payment of self-employment taxes. Since the form itself requires a reduction of income by the amount of self-employment taxes, the trial court did not err in doing so. Dawn's first assignment of error is overruled.
 {¶ 12} Finally, Dawn argues that the trial court erred in making the
effective date of the modified child support order December 1, 2006.
 {¶ 13} If the obligor or obligee requests a court hearing on therevised child support amount and the court, after conducting a hearing,modifies the court child support amount under the order, themodification shall related back to the first day of the month followingthe date on which the review of the court child support order beganpursuant to [R.C. 3119.60(A)].
 {¶ 14} R.C. 3119.71. The Agency is required to establish a date certain on which the review formally begins. R.C. 3119.60(A). This is the date used for determining when the new support order begins pursuant to R.C. 3119.71. Here, the Agency stated that the recommendation was made on October 6, 2006. This is *Page 9 
the first identified date for the review. Thus, this became the date certain required by statute. Pursuant to R.C. 3119.71, the effective date of the new child support order should be November 1, 2006. The trial court erred in using the filing date of the recommendation instead of the date set for the review. For this reason, Dawn's second assignment of error is sustained.
 {¶ 15} The judgment of the Court of Common Pleas of Mercer County, Domestic Relations Division, is affirmed in part and reversed in part. The matter is remanded for further proceedings in accord with this opinion.
Judgment affirmed in part and reversed in part and causeremanded.
 SHAW, P.J., and PRESTON, J., concur. r
[1] Some of the items may be damaged due to long term usage, rented and never returned, etc. *Page 1