[Cite as *Buening v. Buening*, 2010-Ohio-2164.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

DAWN M. BUENING,                                CASE NO. 10-10-01

  FIRST PETITIONER-APPELLEE,

 v.

ROBERT W. BUENING,                              O P I N I O N

  SECOND PETITIONER-APPELLANT.

Appeal from Mercer County Common Pleas Court
Domestic Relations Division
Trial Court No. 97-DIS-009

**Judgment Affirmed**

**Date of Decision:  May 17, 2010**

APPEARANCES:

    *Thomas Luth,* for Appellant

    *Dawn M. Buening,* Appellee

**ROGERS, J.**

{¶1} Second Petitioner-Appellant, Robert W. Buening, appeals the judgment of the Court of Common Pleas of Mercer County, Domestic Relations Division, finding that he could deduct only half of his claimed business depreciation expense from his gross business receipts in determining his income for child support calculation purposes to be paid to First Petitioner-Appellee, Dawn M. Buening. On appeal, Robert argues that, in calculating his child support obligation, the trial court erred by failing to deduct all of his claimed depreciation expense as ordinary and necessary business expenses from the gross receipts of his business. Based upon the following, we affirm the judgment of the trial court.

{¶2} In April 1997, Robert and Dawn dissolved their marriage, of which four children were born, including Amber (D.O.B. 7-20-1983); Robert (D.O.B. 11-25-1984); Jeremy (D.O.B. 9-19-1988); and, Dustin (D.O.B. 12-4-1989). Robert agreed to pay child support to Dawn in the amount of $1,170.00 per month for all of the children.

{¶3} In July 2001, the trial court modified the child support order to reflect Amber's emancipation, and ordered Robert to pay Dawn $877.50 per month for the remaining three children. In March of 2002, the child support enforcement agency (hereinafter "CSEA") increased Robert's support payment to $1,797.88 per month for the remaining minor children. Thereafter, in October

2002, the trial court filed a consent judgment entry decreasing Robert's support payment to $1,453.57 per month for all three minor children. In May 2003, the trial court again modified the child support order to reflect Robert, Jr.'s emancipation, ordering Robert to pay Dawn $988.42 per month for the two remaining minor children. In September 2006, the trial court again modified the child support order to reflect Jeremy's emancipation, reducing Robert's payment to $484.52 per month for support of Dustin, the sole remaining minor child. Shortly thereafter, in November 2006, the CSEA recommended that Robert's child support payment be increased to $1,030.87 per month for support of Dustin.

{¶4} In August 2007, the trial court held a hearing on the matter, at which the following testimony was heard.

{¶5} Jim Hartling testified that he was a certified public accountant and conducted the accounting for Robert's video rental business, Starstruck Video, LLC ("Starstruck"), which had locations in Van Wert and in Coldwater in Mercer County; that he also prepared Robert's business tax returns for approximately ten years; that the financial statements he prepared for Starstruck reflected the depreciation necessary for the generation of gross receipts for the business in accordance with generally accepted accounting principles; that the purpose of allowing depreciation was "to present fairly the results of operation to [sic] the business to whoever might be the user of the financial statements * * *" (Aug. 2007 motion hearing tr., pp. 10-11); that the depreciation in the financial

Case No. 10-10-01

statements was calculated based upon the life expectancy of the depreciated items; that the net incomes for the Coldwater location of Starstruck in 2005 and 2006 were $36,335.79 and $18,348.64, respectively; that the net incomes for the Van Wert location of Starstruck in 2005 and 2006 were $3,387.51 and a loss of $3,785.04, respectively.  Additionally, Hartling referenced a compilation of "financial statements," and stated that the expenses for "equipment and inventory" listed within those statements were ordinary and necessary expenses for the generation of Starstruck's gross receipts.  (Id. at p. 10).  Upon the trial court's questioning, Hartling testified that the $155,000 claimed depreciation was for videos that were purchased for rental purposes, and that "it would include all items of depreciation * * * [including] more than just the DVD's [sic].  I don't know if there's a – there is an asset listing here.  I don't know if you have a – you don't probably have a total listing of all assets being depreciated here. * * * But it would – the majority of the depreciation, I think, would come from the videos that are rented out."  (Id. at p. 28).

{¶6}   Robert Buening testified that the compiled financial statements for Starstruck reflected accurate figures as to the gross receipts, and that the expenses listed in the statements were necessary and ordinary expenses for the business.

{¶7}   In April 2008, the trial court ordered Robert to pay Dawn child support in the amount of $1,008.33 per month for support of Dustin, which Robert and Dawn both appealed to this Court.  In December 2008, this Court reversed and

-4-

remanded the trial court's decision, finding that the trial court erred in failing to allow Robert to deduct depreciation expenses in his business from his gross income calculation. See *Buening v. Buening*, 3d Dist. No. 10-08-04, 2008-Ohio-6579 ("*Buening I*"). In doing so, this Court specifically found that "* * * the gross income should be reduced by the depreciation for the tapes as set forth in R.C. 3119.01(C)(9)(a)." 2008-Ohio-6579, at ¶10.

{¶8} In November 2009, the trial court, on remand, "allowed 51% of the depreciation as previously indicated in accordance with the evidence presented herein and the mandates of the Court of Appeals" (Nov. 2009 magistrate's decision, p. 1), ordering Robert to pay Dawn $819 per month retroactively to November 2006. Robert filed objections to the magistrate's decision on the basis that he was not permitted to deduct 100% of his claimed depreciation expense from his gross income. However, the trial court adopted the magistrate's decision, finding that, although "the accountant testified that all of the depreciated items were necessary, ordinary expenses for the generation of income for the business, * * * this allegation is inconsistent with the transcript. * * * The accountant responded to questions propounded by the magistrate at the hearing regarding the issue of depreciation. The witness testified that the depreciation was more than just DVD's [sic]. He further indicated there was not a listing of the assets that were depreciated, but indicated that the majority of the depreciation is from the

DVD's [sic]." (Dec. 2009 Judgment Entry on Objections to Magistrate's Decision, p. 1).

{¶9} It is from this judgment that Robert appeals, presenting the following assignment of error for our review.

> **THE TRIAL COURT COMMITTED ERROR BY FAILING TO DEDUCT FROM THE GROSS RECEIPTS OF APPELLANT'S BUSINESS THE ORDINARY AND NECESSARY EXPENSES REQUIRED FOR THE GENERATION OF GROSS RECEIPTS, IN CALCULATING APPELLANT'S CHILD SUPPORT OBLIGATION.**

{¶10} In his sole assignment of error, Robert contends that the trial court erred by failing to deduct all of his claimed depreciation expense as ordinary and necessary business expenses from the gross receipts of his business. Specifically, Robert argues that he introduced evidence at the hearing that his net business income, after taking into account all $108,184 of his claimed depreciation, was only $14,563.60; however, the trial court only permitted him to deduct 51% of the depreciation as a business expense.

{¶11} An appellate court reviews the trial court's grant of child support under an abuse of discretion standard. *Fox v. Fox*, 3d Dist. No. 5-03-42, 2004-Ohio-3344, ¶11, citing *Pauly v. Pauly* (1997), 80 Ohio St.3d 386, 390. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion

standard, a reviewing court may not simply substitute its judgment for that of the trial court.  Id.

{¶12} R.C. 3119.01(C)(5)(a) sets forth the following definition for "income" for child support calculation purposes: "[f]or a parent who is employed to full capacity, the gross income of the parent[.]"  Additionally, R.C. 3119.01(C)(7) defines "gross income" as "* * * the total of all earned and unearned income from all sources during a calendar year[.]"  Finally, "'Self-generated income' means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts.  'Self-generated income' includes expense reimbursements or in-kind payments received by a parent from self-employment, the operation of a business, or rents, including company cars, free housing, reimbursed meals, and other benefits, if the reimbursements are significant and reduce personal living expenses."  R.C. 3119.01(C)(13).  Thus, in determining the gross income of a self-employed parent, the trial court must deduct the ordinary and necessary expenses incurred in the generation of gross receipts.  R.C. 3119.01(C)(9)(a),(b) provides that:

> **(9)(a) "Ordinary and necessary expenses incurred in generating gross receipts" means actual cash items expended by the parent or the parent's business and includes depreciation expenses of business equipment as shown on the books of a business entity.**

**(b) Except as specifically included in "ordinary and necessary expenses incurred in generating gross receipts" by division (C)(9)(a) of this section, "ordinary and necessary expenses incurred in generating gross receipts" does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or the parent's business.**

{¶13} In determining whether depreciation is an ordinary and necessary expense incurred in generating gross receipts for a business, and, thus, whether it may be deducted from gross income for child support purposes, courts have held that "it is not the duty of the trial court to ferret out those expenses that qualify as ordinary and necessary. Rather, it is the duty of the obligor to assert that certain items are exempt from inclusion as gross income pursuant to this exception." *In re Sullivan*, 167 Ohio App.3d 458, 2006-Ohio-3206, ¶25; see, also, *Hale v. Hale*, 11th Dist. Nos. 2005-L-101, 2005-L-114, 2006-Ohio-5164, ¶25. Where the obligor fails to present any such evidence on which to base the exclusion of a depreciation expense, courts have held that a trial court does not abuse its discretion in refusing to allow the deduction. *In re Sullivan*, 167 Ohio App.3d 458, at ¶¶25-27, citing *Wittbrot v. Wittbrot*, 2d Dist. No. 2002 CA 19, 2002-Ohio-6075, at ¶44 (finding that trial court did not abuse its discretion in refusing to allow deduction for depreciation where there was no evidence of business expenses other than obligor's bald assertion as to the amount of the expenses); *Foster v. Foster*, 150 Ohio App.3d 298, 2002-Ohio-6390, ¶23. Additionally, this Court has found that "'[a] trial court is not required to blindly accept all of the

expenses an appellant claims to have deducted in his tax returns as ordinary and necessary expenses incurred in generating gross receipts.'" *Huelskamp v. Huelskamp*, 3d Dist. No. 2-09-21, 2009-Ohio-6864, ¶43, quoting *Ockunzzi v. Ockunzzi*, 8th Dist. No. 86785, 2006-Ohio-5741, ¶53.

**{¶14}** Here, Robert presented testimony from his accountant that the purchase of DVDs for rental purposes constituted "the majority of the depreciation" (Aug. 2007 Motion Hearing, p. 28). As such, in *Buening I*, 2008-Ohio-6579, at ¶10, this Court reversed and remanded the trial court's April 2008 decision, specifically directing the trial court on remand to allow depreciation expense deductions to reflect the cost of the video tapes. Robert presented evidence via the testimony of his accountant that the "majority" of the claimed depreciation expense was for the purchase of the DVDs; however, he failed to produce any testimony as to what the remaining depreciation expense was for, except for a bald assertion that it was for ordinary and necessary expenses for the generation of gross receipts for the business. Although he stated that the depreciation included "more than just the DVD's [sic]" and stated that he did not know if the trial court had a total listing of all the depreciated assets, no documents or testimony further described the remaining assets claimed to be depreciated. As such, and in light of this Court's previous opinion and instruction to the trial court concerning only the DVDs, we cannot find that the trial court abused its discretion in deducting only the majority (51%) of the claimed depreciation to reflect the cost

of the DVDs, particularly given that the trier of fact was in the best position to determine the credibility of the witnesses and the weight to be afforded to the evidence.

{¶15} Accordingly, we overrule Robert's assignment of error.

{¶16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/jnc**