[Cite as *Roubanes v. Roubanes*, 2014-Ohio-5163.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Barbara Roubanes (nka Luke), | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-183 |
| v. | : | (C.P.C. No. 08DR-2851) |
| Matthew Roubanes, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 20, 2014

*Barbara Roubanes,* for appellant.

*Tyack, Blackmore, Liston & Nigh Co., L.P.A.,* and *Peggy Blackmore,* for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Barbara Roubanes (nka Luke) ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a motion for attorney fees filed by defendant-appellee, Matthew Roubanes ("appellee"), requesting fees and costs related to appellee's motion to enforce jail time, which the trial court previously granted. Because we conclude that the trial court did not abuse its discretion in awarding attorney fees and costs to appellee, we affirm.

{¶ 2} The parties were married in 1998, had two children, and were divorced in 2009. *Roubanes v. Roubanes*, 10th Dist. No. 13AP-369, 2013-Ohio-5778, ¶ 2. Under the final divorce decree, appellant was obligated to pay $742.35 per month, per child, for child support, which included $554 per month for 28 months to pay past arrearages and to equalize the property settlement. *Id.* On February 9, 2011, appellee filed a motion for

contempt, asserting that appellant had failed to comply with the trial court's previous orders regarding payment of child support. Following a hearing before a magistrate on the motion for contempt and other pending motions, the parties entered into a memorandum of agreement, providing that appellant would make payments to liquidate child support arrearages, pay appellee $2,500 toward his attorney fees, and pay the outstanding guardian ad litem fees. The trial court subsequently issued an agreed entry on January 17, 2012, incorporating the terms of the parties' memorandum of agreement. After a review hearing, the trial court issued another agreed entry on July 5, 2012, in which the trial court found appellant to be in contempt for failure to comply with the trial court's orders. The trial court sentenced appellant to 3 days in jail and ordered her to purge the contempt by, inter alia, paying the previously ordered attorney fees and guardian ad litem fees, as well as an additional $750 in attorney fees to appellee.

{¶ 3} Appellee subsequently filed a motion to enforce jail time on October 30, 2012, requesting that the trial court enforce the jail sentence imposed under the agreed entry of July 5, 2012. Appellee also requested an order requiring appellant to pay the attorney fees and costs incurred in filing the motion to enforce jail time. On January 11, 2013, the trial court issued a judgment granting the motion to enforce jail time, ordering appellant to serve 3 days in jail. Appellant then moved for reconsideration of the judgment granting the motion to enforce jail time.

{¶ 4} The trial court conducted a hearing on February 20, 2013, with respect to several pending motions, including appellant's motion for reconsideration of the judgment granting the motion to enforce jail time. The trial court denied the motion for reconsideration and once again entered a judgment ordering appellant to serve 3 days in jail. At the February 20, 2013 hearing, the trial court did not rule on appellee's request for attorney fees and costs related to the motion to enforce jail time. On September 3, 2013, the trial court held another hearing to address several pending motions, including appellee's request for attorney fees and costs related to the motion to enforce jail time. At the September 3, 2013 hearing, appellee's counsel noted that appellant had previously paid attorney fees to appellee in the amounts of $2,500 and $750 pursuant to the court's prior orders, but asserted that appellee was entitled to the attorney fees and costs incurred with respect to pursuing the motion to enforce jail time. After considering testimony and

evidence from the parties, the trial court ruled that appellee would be awarded $2,385.50 in attorney fees. The trial court subsequently entered a judgment granting appellee's motion for attorney fees related to the motion to enforce jail time, awarding appellee $2,385.50 in attorney fees and $158.62 in court costs.

{¶ 5} Appellant appeals from the trial court's judgment, assigning one error for this court's review:

> THE TRIAL COURT ABUSED ITS DISCRETION – AGAIN –
> BY AWARDING ATTORNEY FEES AND COSTS TOTALLING
> [sic] $2,500 TO FATHER.

{¶ 6} In her sole assignment of error, appellant asserts that the trial court abused its discretion by granting appellee's motion for an award of fees and costs related to his motion to enforce jail time. R.C. 3105.73(B) provides that "[i]n any post-decree motion or proceeding that arises out of an action for divorce * * *, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." "In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." R.C. 3105.73(B). A trial court's award of attorney fees related to a post-decree motion or proceeding will not be overturned absent an abuse of discretion. *Epitropoulos v. Epitropoulos*, 10th Dist. No. 10AP-877, 2011-Ohio-3701, ¶ 42. An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} Appellant asserts that the amount of attorney fees and costs awarded was an abuse of discretion because appellee requested $750 and failed to present evidence to support an award in excess of that amount. The transcript of the September 3, 2013 hearing indicates confusion regarding the nature and amount of attorney fees previously awarded and paid by appellant, particularly on the part of appellant's pro bono counsel. As noted above, appellee's counsel admitted that appellant had previously paid attorney fees to appellee in the amount of $2,500 and $750, pursuant to the trial court's agreed entry orders. However, appellee continued to pursue the fees and costs associated with the motion to enforce jail time. Despite appellant's assertion, it does not appear that

appellee limited himself to $750 in attorney fees with respect to the motion to enforce jail time. Rather, it appears that the references to $750 in attorney fees during the hearing pertained to the trial court's award of that amount pursuant to the agreed entry of July 5, 2012. In fact, appellee's counsel clarified the issue at the hearing, indicating that the motion for attorney fees associated with the motion to enforce jail time was not limited to $750, but that appellee was seeking all fees incurred to pursue that motion.

{¶ 8}   Appellee presented evidence regarding his attorney fees, in the form of an account statement showing a total of $19,080 in fees from January 2011 through August 2013. Appellee also testified that he incurred filing fees of $158.62. Because the motion to enforce jail time was filed on October 30, 2012, it is clear that not all of the charges on the account statement related to that motion. Moreover, there are certain items on the account statement that expressly pertain to other aspects of the divorce proceeding, such as fees related to depositions, discovery practice, and appellant's appeal of a different trial court order. Appellee testified that certain specific items listed on the account statement were directly related to the motion to enforce jail time. Although the trial court's judgment did not identify each item that was included in the final attorney fee award, the record reflects that appellee submitted evidence and testimony supporting an award of more than $750 and the trial court did not abuse its discretion by awarding fees in excess of $750.

{¶ 9}   Appellant also argues that the trial court abused its discretion by failing to consider the factors set forth in *Hummer v. Hummer*, 10th Dist. No. 86AP-293 (Aug. 28, 1986). In *Hummer*, this court set forth a balancing test to be applied in evaluating the reasonableness of a request for attorney fees in a child support modification proceeding. This court indicated that the factors to be considered included "the needs of the children, the change in circumstances including increases in income, the assets of the parties, the ability or inability of each party to pay attorney fees, the degree of increase in child support awarded, the total amount of the attorney fees, the proportion of attorney fees caused by undue delay or resistance by either party in resolving the child-support issue, and the effect of payment of attorney fees upon the custodial parent's ability to contribute a proportionate share of child support." *Id. See also McCord v. McCord*, 10th Dist. No. 06AP-102, 2007-Ohio-164, ¶ 17 (referring to *Hummer* as containing "a balancing test to

be applied when determining attorney fees to be awarded in child support modification cases"). We note that the present case involved fees related to appellee's motion to enforce jail time for failure to comply with the agreed entry, not a motion to modify child support. Nevertheless, this court has also applied the *Hummer* factors to evaluate attorney fee awards under R.C. 3105.73. *See Padgett v. Padgett*, 10th Dist. No. 08AP-269, 2008-Ohio-6815, ¶ 10; *Carter v. Carter*, 10th Dist. No. 05AP-745, 2006-Ohio-1206, ¶ 14.

{¶ 10} Although the trial court did not expressly refer to the *Hummer* factors, the judgment indicates that the court effectively considered many of those factors. *Compare Wilder v. Wilder*, 10th Dist. No. 08AP-669, 2009-Ohio-755, ¶ 18 (referring to trial court expressly considering *Hummer* factors). Appellant asserts that the trial court failed to consider her ability to pay attorney fees, citing to her testimony that she would be unable to pay an additional award of attorney fees. In the judgment, however, the court referred to appellant's experience as a practicing attorney and the potential to increase her income by expanding her legal practice. This reflects that the trial court considered appellant's ability to pay attorney fees. The trial court also referred to appellant's non-compliance with court orders and the complexity and number of motions filed by appellant, reflecting consideration of "the proportion of attorney fees caused by undue delay or resistance" by appellant. *Hummer*. Under these circumstances, we cannot conclude that the trial court abused its discretion by failing to consider the types of factors set forth in the *Hummer* decision.

{¶ 11} Appellant further argues that the trial court failed to consider the income of the parties in granting the award of attorney fees and costs and that the trial court abused its discretion by failing to make a finding that the award was equitable. R.C. 3105.73(B) provides that a court may award attorney fees in a post-decree motion "if the court finds the award equitable." In determining whether an award is equitable, the court may consider multiple factors, including the income of the parties. R.C. 3105.73(B). At the hearing, appellant testified regarding her income. The trial court alluded to appellant's income-earning capacity in the judgment, noting her years of practice as an attorney, billing rate, and capacity to expand her legal practice, in addition to additional income her household received from her current husband. Although the judgment does not include an express finding that the award of attorney fees and costs was equitable, it indicates that

the trial court considered the equity of ordering attorney fees and costs. *See, e.g., Graham v. Graham*, 8th Dist. No. 90506, 2008-Ohio-4877, ¶ 31 ("[A]lthough the court's entry does not state that it found the award of attorney fees to be equitable, the record reflects that the court considered the statutory factors prior to awarding fees to Mrs. Graham."). In the judgment, the trial court found that appellee needed counsel due to the complexity and number of motions filed by appellant, as well as that appellant's credibility was damaged due to her non-compliance with court orders and that such non-compliance caused appellee to pursue the motion to enforce jail time. Therefore, the trial court did not abuse its discretion by failing to consider the parties' income or finding that the award was equitable.

{¶ 12} Finally, the judgment indicates that the trial court considered the reasonableness of the fees in making its award. A trial court may rely on its own experience and knowledge in determining the reasonableness of the attorney fees requested. *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 51, citing *Long v. Long*, 10th Dist. No. 11AP-510, 2012-Ohio-6254, ¶ 20. In *Ramsey*, this court held that based on the case's long history and the trial court's familiarity with the case, the court was able to assess the effectiveness of counsel and the reasonableness of the fees requested. Similarly, in this case, the trial court found that the fees were reasonable, noting in the judgment that appellee's counsel had 32 years of legal practice experience and that she had prepared for and represented appellee in a full hearing on the matter.

{¶ 13} Under the circumstances presented in this case, we cannot conclude that the trial court acted in a manner that was unreasonable, arbitrary, or unconscionable in awarding attorney fees and costs. Accordingly, we overrule appellant's assignment of error.

{¶ 14} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

KLATT and O'GRADY, JJ., concur.

_____