[Cite as *Gallion v. Gallion*, 2018-Ohio-3060.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kimberly C. Gallion, | : | |
| Plaintiff-Appellant, | : | No. 17AP-556 |
| v. | : | (C.P.C. No. 16DR-3162) |
| Paul J. Gallion, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 2, 2018

**On brief:** *Eugene R. Butler Co., LPA,* and *Eugene R. Butler,* for appellant. **Argued:** *Eugene R. Butler.*

**On brief:** *Law Offices of William L. Geary,* and *Tracy Q. Wendt,* for appellee. **Argued:** *Tracy Q. Wendt.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

HORTON, J.

{¶ 1} Plaintiff-appellant, Kimberly C. Gallion, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which granted a divorce to appellant and appellee, Paul J. Gallion, and determined the division of property, spousal support, and all issues related to the parties' two children. For the following reasons, we reverse in part and affirm in part the judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The parties were married on September 24, 2011 and had two children. On August 17, 2016, appellant was represented by counsel and filed for divorce. Appellant requested that the court designate her as residential parent, divide the marital property, and order appellee to pay child support, spousal support, and attorney fees.

{¶ 3} On August 31, 2016, appellee filed an answer and counterclaim for divorce. Appellee also filed a motion for psychological examination of appellant because she had

been hospitalized for psychiatric reasons on two occasions during the course of the marriage and also participated in an outpatient program for mental health issues. Appellee cited this history and "recent conduct" to argue that he had concerns regarding the safety of the children. (Aug. 31, 2016 Mot. at 2.) On September 22, 2016, the trial court appointed a guardian ad litem ("GAL") for the children.

{¶ 4} Each party filed a motion for exclusive use of the marital residence. On September 22, 2016, the trial court filed an agreed entry in which appellee agreed to move out of the residence but would continue to pay the mortgage, taxes, insurance due on the marital residence, and the monthly utilities. Appellee also was ordered to pay for the oldest child's pre-school expenses and tuition.

{¶ 5} On November 4, 2016, appellant's counsel requested leave to withdraw and the trial court granted the motion on November 8, 2016. On November 15, 2016, the trial court issued an order sustaining appellee's motion for a vocational evaluation and issued an interim order granting appellee parenting time until the temporary orders were issued. The magistrate then issued temporary orders on December 1, 2016.

{¶ 6} On December 19, 2016, appellee filed a motion seeking the appointment of a guardian to represent the interests of appellant. On December 28, 2016, appellee filed a motion for ex-parte emergency custody order based on appellant sending emails to appellee, his counsel, and the GAL that demonstrate the continued existence of possible mental health issues. That same day, the trial court granted appellee's motion granting him emergency custody of the children and granting appellant supervised parenting time.

{¶ 7} On January 24, 2017, appellant filed a pro se counter affidavit for change of parental rights and responsibilities seeking sole custody of the children, along with child and spousal support. In her memorandum in support, appellant alleged that appellee kidnapped the children and emptied their joint bank accounts. She argued that the emergency custody order was fraudulent.

{¶ 8} On January 27, 2017, the trial court appointed a guardian ad litem for appellant but used the standard form for appointing guardians for minor children. On March 9, 2017, the trial court ordered appellant to submit to a psychological examination and sign a release for her GAL to obtain a copy of the report.

{¶ 9} On July 10, 2017, the trial court held a hearing and denied the request of appellant's GAL for a continuance. Two witnesses testified during the hearing, appellee

and Lorna Freimoth. At the conclusion of the hearing, the trial court signed the prepared divorce decree, findings of fact regarding a deviation for child support, and the document regarding the division of assets and liabilities. In the entry decree of divorce, the trial court indicated that appellant was provided notice of the hearing but failed to appear.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Appellant filed a timely notice of appeal and raised the following assignments of error for our review:

> [I.] The trial court erred as a matter of law and abused its discretion in awarding sole custody of the parties' minor children to defendant and in limiting plaintiff's parenting time, both on an emergency basis and as a final order.
>
> [II.] The trial court erred as a matter of law and abused its discretion in failing to delineate the statutory factors for its award of spousal support.
>
> [III.] The trial court erred as a matter of law and abused its discretion in failing to take evidence on the value of the assets and liabilities to support the findings of fact required by R.C. 3105.171.
>
> [IV.] The trial court erred as a matter of law and abused its discretion in failing to appoint a guardian ad litem for plaintiff which guardian had all of the powers needed to prosecute the claims and defenses of plaintiff.
>
> [V.] The trial court erred as a matter of law and abused its discretion in failing to determine the needs and standard of living of the children and the parties.

## III. STANDARD OF REVIEW

{¶ 11} The standard of review for appellate courts in domestic relations cases is whether the trial court abused its discretion. *Scinto v. Scinto*, 10th Dist. No. 09AP-5, 2010-Ohio-1377, ¶ 4, citing *Booth v. Booth*, 44 Ohio St.3d 142 (1989). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. DISCUSSION

{¶ 12} Initially, we note that, at oral argument to this court, counsel for both parties informed this court that the parties had resolved assignments of error one and three. Thus, this court need not address them.

{¶ 13} In her second assignment of error, appellant contends that the trial court erred and abused its discretion in failing to delineate the statutory factors for its award of spousal support. R.C. 3105.18(B) authorizes the trial court to award reasonable spousal support. When determining whether spousal support is appropriate and reasonable, the trial court must consider the factors set forth in R.C. 3105.18(C)(1). The 13 factors provided in R.C. 3105.18(C)(1) include:

> (a) The income of the parties, from all sources, including, but not limited to, income derived from the property divided, disbursed, or distributed under property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;
>
> (e) The duration of the marriage;
>
> (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
>
> (g) The standard of living of the parties established during the marriage;
>
> (h) The relative extent of education of the parties;
>
> (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
>
> (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 14} It is not necessary that the trial court expressly comment on each factor, but it must indicate the basis for an award of spousal support in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law, and there must be a clear indication that the factors were considered. *Hightower v. Hightower*, 10th Dist. No. 02AP-37, 2002-Ohio-5488, ¶ 24, citing *Casper v. DeFrancisco,* 10th Dist. No. 01AP-604 (Feb. 19, 2002).

{¶ 15} The trial court has broad discretion in determining what is equitable and whether or not to award spousal support given the facts and circumstances of the case and an appellate court will not disturb a spousal support award unless the trial court abused its discretion. *Leimbach v. Leimbach*, 10th Dist. No. 09AP-509, 2009-Ohio-6991, ¶ 20, citing *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990).

{¶ 16} In this case, the trial court did not provide any analysis regarding the spousal support. Only two witnesses testified at the hearing, appellee and his friend, who testified that appellee is truthful and honest. The trial court asked questions of the children's GAL, but the GAL was not under oath. The only evidence provided at the hearing regarding the factors was the date of the marriage and the division of assets and liabilities, although no value as to the assets and liabilities was provided. The children's GAL informed the court that appellant was unemployed. Although there is some evidence regarding the factors, there is no evidence that the trial court considered the factors. Since the trial court must indicate that it considered the R.C. 3105.18(C) factors and did not do so here, we remand this cause for it to consider the factors and indicate that it did so.

{¶ 17} Appellee's argument in his brief to this court is unclear whether he is arguing that appellant waived her right to argue that the trial court should follow the provisions of R.C. 3105.18. Since appellant did not appear for the final hearing, in her brief to this court, she anticipated that appellee would make this argument in his brief to this court. " 'As a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy.' " *Sanitary Commercial Servs., Inc. v. Shank*, 57 Ohio St.3d 178, 180 (1991), quoting *State ex rel. Hess v. Akron*, 132 Ohio St. 305, 307 (1937). "A waiver is a voluntary relinquishment of a known right, with the intent to do so with full knowledge of all the facts." *N. Olmstead v. Eliza Jennings, Inc.*, 91 Ohio App.3d 173, 180 (8th Dist.1993), citing *Kiefer Mach. Co. v. Niemes*, 82 Ohio App. 310 (1st Dist.1948). Here, considering appellee requested the appointment of a GAL for appellant because he did not think she could knowingly make decisions, we will not find that appellant voluntarily and knowingly waived her rights. Thus, having determined that the trial court failed to comply with the requirements of R.C. 3105.18 and that appellant never expressly or impliedly waived these rights, we sustain appellant's second assignment of error.

{¶ 18} By her fourth assignment of error, appellant contends that the trial court erred in failing to appoint a GAL for her who possessed all of the powers needed to prosecute her claims and defenses. Appellant's contention is that the GAL, which was appointed to represent her, did not have all the power necessary to prosecute her claims and defenses because the appointment was not as her attorney-advocate. The trial court used the form typically utilized for the appointment of a GAL for minor children but the GAL was not authorized by this appointment to act in the capacity as appellant's attorney.

{¶ 19} A trial court has the power under Civ.R. 17(B) to appoint a GAL for an incompetent litigant. That rule provides, in pertinent part:

> When, a[n] * * * incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such * * * incompetent person.

{¶ 20} Civ.R. 17(B) authorizes a court to appoint a GAL for the protection of an individual that the court believes to be incompetent. *Dailey v. Dailey*, 11 Ohio App.3d 121,

123 (2d Dist.1983). "The trial court's obligation to appoint a guardian or other representative, or make some other proper order, arises when the court determines that a minor or incompetent person is not otherwise represented." *State v. Kendrick*, 10th Dist. No. 98AP-1305 (Sept. 30, 1999), citing *In re Guardianship of Carter*, 10th Dist. No. 90AP-755 (Feb. 8, 1991).

{¶ 21} In this case, appellee requested that the trial court appoint a GAL for appellant arguing that appellant was not in a position to knowingly act in the pending divorce and suggesting that she was mentally incompetent. Appellant was never determined as incompetent. The trial court did "make such other order as it deems proper" by appointing a GAL, although with a limited role. The trial court did order appellant to submit to a psychological examination, however, the record does not reflect that appellant completed the assessment. The trial court did attempt to investigate the incompetency allegation and followed Civ.R. 17(B), which allows the court to appoint a GAL or make such other order as it deems proper. Civ.R. 17(B) does not mandate the appointment of a GAL for the purpose of prosecuting a party's case, especially when no finding of incompetency has been made. Appellant has not demonstrated that the trial court abused its discretion. Appellant's fourth assignment of error is overruled.

{¶ 22} Finally, in her fifth assignment of error, appellant contends that the trial court erred in failing to determine the needs and standard of living of the children and the parties. Essentially, appellant argues that the trial court did not consider the factors in R.C. 3119.04(B) before fashioning the child support order. A trial court has considerable discretion when calculating child support and, absent an abuse of discretion, an appellate court will not disturb a child support order. *Roubanes v. Roubanes*, 10th Dist. No. 13AP-369, 2013-Ohio-5778, ¶ 5.

{¶ 23} R.C. 3119.04(B) provides that if the combined income of the parties is greater than $150,000 per year, the court shall determine the child support amount on a case-by-case basis and shall consider the needs and the standard of living of the children and the parents. Here, appellee makes more than $150,000 and appellant is unemployed. We note that R.C. 3119.04(B) " 'does not require any explanation of [the trial court's] decision unless it awards less than the amount awarded for combined incomes of $150,000.' " *Guertin v. Guertin*, 10th Dist. No. 06AP-1101, 2007-Ohio-2008, ¶ 6, quoting *Cyr v. Cyr*, 8th Dist. No. 84255, 2005-Ohio-504, ¶ 56.

{¶ 24} The trial court did file an entry setting forth the findings of fact and conclusions of law supporting the deviation from child support. The child custody order awarded custody to appellee with appellant receiving supervised visitation time only. After imputing $28,000 in income to appellant and following the guideline, the trial court determined that appellant would owe $599.02 per month, plus processing charge, for a total of $611 for the support of the two children per month. However, given that appellant is unemployed, the trial court determined that the amount of support would be unjust and inappropriate and not in the best interest of the minor children, therefore, the trial court deviated the amount to $0.

{¶ 25} Appellant argues that the trial court could have ordered appellee to pay child support to her even though she is the noncustodial parent. *See Warren v. Warren*, 10th Dist. No. 09AP-101, 2009-Ohio-6567, ¶ 18-23. In *Warren*, the trial court's plan resulted in equal parenting time overall, although not equal time for both parents with both children. This court, in *Warren*, determined that a case-by-case approach is best to determine whether a custodial parent can be ordered to pay child support. In this case, appellant only has supervised visitation. We do not find that the trial court abused its discretion in failing to require appellee to pay child support given that appellant has such restricted parenting time. The trial court's decree of divorce and its findings of fact and conclusions of law for deviation from child support demonstrate that the trial court considered the needs and the standard of living of the children and the parents as required by R.C. 3119.04. Appellant's fifth assignment of error is overruled.

{¶ 26} For the foregoing reasons, appellant's second assignment of error is sustained, her fourth and fifth assignments of error are overruled, the parties settled the first and third assignments of error, and this cause is remanded to the Franklin County Court of Common Pleas, Division of Domestic Relations, for that court to consider the factors set forth in R.C. 3105.18(C)(1) and to provide a basis for its spousal support order.

*Judgment affirmed in part, reversed in part;*
*cause remanded.*

DORRIAN, J. concurs.
LUPER SCHUSTER, J., concurs in judgment only.
_____