DECISION
{¶ 1} Plaintiff-appellant, Ruth Ann Costakos, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying her Civ.R. 60(B) motion for relief from judgment. Because the trial court properly denied the motion, we affirm.
 {¶ 2} Plaintiff and defendant-appellee, Charles N. Costakos, were divorced in 1992. Since that time, plaintiff has engaged in substantial post-decree litigation. See, e.g., Costakos v.Costakos (Sept. 30, 1993), Franklin App. No. 93AP-19 ("CostakosI") (affirming the trial court's order that held defendant was not in contempt of court because of arrearages in child support);Costakos v. Costakos (Sept. 30, 1997), Franklin App. No. 97APF04-553 ("Costakos II") (affirming the trial court's actions in most respects, but ordering a limited remand for evidentiary hearing regarding plaintiff's Civ.R. 60(B) motion challenging an accelerated reduction in spousal support);Costakos v. Costakos (Mar. 22, 2001), Franklin App. No. 00AP-869, Memorandum Decision ("Costakos III") (affirming the January 13, 2000 judgment of the trial court that dismissed not only court-initiated contempt proceedings against plaintiff, but also several motions plaintiff filed).
 {¶ 3} Following the decision in Costakos III, plaintiff filed another Civ.R. 60(B) motion in the trial court on October 7, 2002, seeking reinstatement of any and all of plaintiff's motions the visiting judge dismissed without prejudice in his January 13, 2000 judgment entry subject of the appeal inCostakos III. As support, plaintiff asserted that "[b]ecause [counsel for defendant] intentionally mislead [sic] the court to cover for his wrongdoing, it did not have the facts to decide the case in a fair and impartial manner." Plaintiff attached no affidavits to her motion and did not elaborate on the alleged wrongdoing of defense counsel. On April 1, 2003, plaintiff supplemented her Civ.R. 60(B) motion, rearguing matters going back to a December 30, 1999 hearing in the trial court. In the course of her discussion, plaintiff asserted ethical violations by one or more counsel involved in this case as the case proceeded through the trial court.
 {¶ 4} By judgment entry filed August 21, 2003, the trial court dismissed plaintiff's October 7, 2002 motion. The trial court concluded "that the delay of time in filing her motion was unreasonable, and as such, Plaintiff is not entitled to an oral hearing. Plaintiff has been unsuccessful in establishingoperative facts." (Emphasis sic.) Plaintiff responded with a motion for findings of fact and conclusions of law, filed September 3, 2003. By entry filed September 16, 2003, the trial court overruled the motion because it was not timely filed pursuant to Civ.R. 52.
 {¶ 5} Plaintiff appeals, assigning the following errors:
1. The trial court abused its discretion when it found the delay in time in filing [plaintiff's] motion was unreasonable.
2. The trial court abused its discretion when it failed to give weight to the fact that defendant or his counsel did not deny the averments in the 60(b) motion, pursuant to Civ. Rule 8, averments not denied are admitted.
3. The trial court abused its discretion when it then allowed defendant's counsel to write a decision when counsel and defendant [had] just admitted by omission that they had previously filed with the court a document in violation of Civ. Rule 11.
4. The trial court abused its discretion when it denied plaintiff's request for findings of fact and conclusions of law.
5. The trial court abused its discretion when it ruled that plaintiff had failed to make service for the February 13, 2003 hearing set by the court.
6. The trial court abused its discretion when it failed to give proper weight to the appellate decision.
 {¶ 6} Plaintiff's assignments of error are interrelated and essentially assert two separate issues: (1) whether the trial court abused its discretion in denying plaintiff's Civ.R. 60(B) motion for relief, and (2) whether the trial court erred in denying plaintiff's request for findings of fact and conclusions of law. We first address the issues related to plaintiff's motion in the trial court for Civ.R. 60(B) relief.
 {¶ 7} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 8} Plaintiff's Civ.R. 60(B) motion addresses the trial court's order of January 13, 2000 and seeks reinstatement of all of plaintiff's motions that Judge Yarbrough dismissed in his January 13, 2000 judgment entry. In Costakos III, this court addressed the propriety of the January 13, 2000 judgment entry and concluded plaintiff suffered no prejudice when the trial court dismissed the court-initiated contempt proceedings against plaintiff and refused to grant plaintiff the continuance she requested. Additionally, this court concluded the trial court did not err in: (1) quashing the subpoena served on Chemical Abstracts Corporation's attorney Colleen Briscoe, (2) allowing plaintiff's counsel to withdraw at the hearing, and (3) imposing restrictions on any further filings by plaintiff.
 {¶ 9} The plethora of papers plaintiff has filed does not facilitate our analysis of the issues in her current appeal. Nonetheless, as nearly as we can ascertain, plaintiff's Civ.R. 60(B) motion appears to reargue the merits of Costakos III,
while at the same time injecting additional allegations of conflicts of interest among counsel in the case that tainted the trial court's January 13, 2000 judgment entry. To the extent plaintiff continues to contend the trial court's January 13, 2000 judgment entry is in error, she should have raised the issues in the initial appeal of that judgment. A Civ.R. 60(B) motion is not a substitute for a timely appeal. Steadley v. Montanya (1981),67 Ohio St.2d 297, 299; Bosco v. Euclid (1974),38 Ohio App.2d 40, 43.
 {¶ 10} To the extent plaintiff asserts the trial court should have held an evidentiary hearing on her Civ.R. 60(B) motion, we note that the decision whether to hold a hearing before ruling upon a motion for relief from judgment is within the discretion of the trial court. U.A.P. Columbus JV326132 v. Plum (1986),27 Ohio App.3d 293, 294. Thus, "if [a] movant's Civ.R. 60(B) motion contains allegations of operative facts warranting relief, the trial court should grant a hearing to take evidence and either discredit or verify these facts before ruling." Id. at 294-295. Mere conclusory allegations, however, are insufficient to warrant an evidentiary hearing. Pridemore v. Pridemore (Dec. 17, 1992), Franklin App. No. 92AP-327.
 {¶ 11} Plaintiff appears to base her Civ.R. 60(B) motion on fraud in the proceedings. "Fraud upon the court differs from Civ.R. 60(B)(3), fraud or misrepresentation by an adverse party."Coulson v. Coulson (1983), 5 Ohio St.3d 12, 15, quoting Staff Notes to Civ.R. 60(B). If the alleged fraud occurred between the parties, Civ.R. 60(B)(3) is the only ground upon which the aggrieved party can seek relief from a prior judgment.Coulson, at 15. If, however, an attorney or other officer of the court connected with the presentation of a case in court perpetrates a fraud on the court, then Civ.R. 60(B)(5) presents the proper basis for requesting relief from an otherwise final judgment or order. Id. See, also, McGowan v. Stoyer, Franklin App. No. 02AP-263, 2002-Ohio-5410, at ¶ 18.
 {¶ 12} Even if we construe plaintiff's motion to assert fraud on the court rather than fraud among the parties, we still cannot find an abuse of discretion in the trial court's conclusion that plaintiff's motion was not filed within a reasonable time under Civ.R. 60(B)(5). Plaintiff appears to assert the alleged fraud occurred as far back as 1999, yet she fails to explain when she became aware of the fraud, or why she could not have brought the matter to the attention of the trial court at an earlier time, possibly even during the appeal in Costakos III.
 {¶ 13} In addition, plaintiff's motion, as the trial court noted, fails to set forth operative facts which would support her contentions that defendant perpetrated fraud on the court. Rather, plaintiff conclusorily contends defendant, his counsel, or both, engaged in improprieties that warrant relief. Such general contentions are insufficient to support an evidentiary hearing on a Civ.R. 60(B) motion. Pridemore, supra. Moreover, any specifics plaintiff set forth relating to the alleged fraud seem to suggest alleged violations of the ethical obligations of counsel involved in the case. As this court observed in CostakosIII, however, those allegations are "more properly the province of the Board of Commissioners on Grievances and Discipline."
 {¶ 14} Further, to the extent plaintiff contends that the billing practices and personal expense charges of the visiting judge who handled her case pertain to the motion, this court, in plaintiff's motion for reconsideration of Costakos III, pointed out that plaintiff "does not demonstrate any connection between the recent allegations of misconduct involving the trial judge and the judgment rendered in her case, which, as noted in our prior decision, was in some respects favorable to her." Costakosv. Costakos (May 1, 2001), Franklin App. No. 00AP-869, Motion for Reconsideration ("Costakos IV"). In short, plaintiff's somewhat diffused discussion of the history of the case provides little insight as to any valid premise for vacating the trial court's January 13, 2000 judgment entry and reinstating the motions the trial court dismissed.
 {¶ 15} Next, plaintiff contends the trial court erred in failing to grant her motion for findings of fact and conclusions of law. As the trial court properly observed, however, Civ.R. 52 requires that a request for findings of fact and conclusions of law must be made before entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later. Here, plaintiff's motion was filed well over seven days after the trial court's entry of judgment following its decision. The trial court thus properly overruled the motion as untimely.
 {¶ 16} Last, plaintiff apparently contends the trial court erred when it initially dismissed plaintiff's Civ.R. 60(B) motion for lack of service. The record of the June 25, 2003 hearing on plaintiff's motion supports plaintiff's contention that the trial court dismissed the motion at an earlier hearing. At the June 25 hearing, however, the trial court received defense counsel's admission that the motion had been served on defendant, and the trial court determined the merits of plaintiff's motion. As a result, plaintiff suffered no prejudice from the trial court's earlier ruling, apart from having to appear at two hearings.
 {¶ 17} Similarly, to the extent plaintiff contends the trial court erred in allowing defendant to prepare the judgment entry recording the trial court's decision denying plaintiff's motion for Civ.R. 60(B) relief, we note the trial court had the opportunity to review the draft judgment entry and determine whether it accurately reflected the trial court's decision and the rationale for its decision. In any event, plaintiff's Civ.R. 60(B) motion for relief from judgment was not timely filed and lacked operative facts that would support relief from judgment. Accordingly, we cannot discern any prejudice plaintiff suffered as a result of the trial court's permitting counsel for defendant to prepare the judgment entry subject of this appeal.
 {¶ 18} For the foregoing reasons, plaintiff's six assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Bowman and Watson, JJ., concur.